Ducker, Judge:
The claimant, J. E. Greene, alleges that he is entitled to receive $6,317.90 from the State Road Commission and/or the Department of Finance and Administration as payment for labor and materials furnished by him in the construction of a masonry and structural steel equipment storage shed near Hart’s Run in Greenbrier County, West Virginia, in March and April, 1965.
The evidence is that, by a stipulation between the Road Commission and Greene and otherwise, it was agreed that there were five bids on the project and that upon the withdrawal by the low bidder of the low bid in the sum of $12,969.50, Greene, whose bid in the sum of $13,748.61 was next lowest, was recommended by the Director of the Maintenance Division of the State Road Commission for an award of the contract. That Greene was told the State was very much in need of the building and that the Road Commission would like for him to start and complete it as soon as possible. There does not appear to have been any executed written contract for the project, but Greene, relying upon the directions given him, proceeded to order the materials which he needed and upon receiving them *156 proceeded with the construction work to the extent of about two-thirds completion when he was advised about April 17,1965 that the contract had not been approved. Various checks and receipts were filed by Greene to show the extent of the cost incurred by him, as to which there is no denial by the respondents. The Road Commission thereafter took over the premises as partially constructed and completed the project, using all the materials at the location of the project placed there by Greene and the partly constructed building.
While this Court looks with disfavor on state contracts which are not authorized and executed according to statutory and budget requirements, we do not approve of unfair and unjust enrichment by the State in dealings which its officers have made in taking property and labor of others in projects such as this in which the State has so benefited. There appears no question as to the State receiving the benefit of all the labor and materials furnished by claimant and there is no dispute as to cost or value of the various items. In good conscience the claimant should be reimbursed and paid for all such labor and material, exclusive of an interest charge of $53.33 paid by claimant and less a salvage of doors, one-half of $512.25 or $256.12, and we are of the opinion to, and do so find and award to the claimant the sum of $6,008.45.
. Claim awarded in amount of $6,008.45.